[Cite as *Brown v. State*, 2021-Ohio-4296.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

TERRY BROWN,

Relator/Petitioner,

v.

STATE OF OHIO,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 CO 0022**

---

Writ of Mandamus

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Terry Brown*, Pro Se, #751-619, Belmont Correctional Institution, P.O. Box 540, St. Clairsville, Ohio 43950, Relator/Petitioner and

*Atty. David Yost,* Ohio Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, and *Atty. Vito Abruzzino*, Columbiana County Prosecutor, 105 South Market Street, Lisbon, Ohio 44432, for Respondent (No Response Filed).

Dated: November 18, 2021

**PER CURIAM.**

{¶1} Relator, Terry Brown, has petitioned the Court for a writ of mandamus to compel Respondent, Judge Scott A. Washam, to accept an affidavit charging an assistant prosecuting attorney with perjury and conspiracy under R.C. 2935.09. Because Relator's petition does not comply with the mandatory requirements of R.C. 2969.25, the Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Respondent is a government employee and Relator, incarcerated in the Belmont Correctional Institution, is a self-represented inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, 831 N.E.2d 435, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} First, an inmate must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A). Relator's petition contains no such affidavit.

{¶4} Second, Relator did not pay the cost deposit required by Loc.R. 2. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. He did not file an affidavit of waiver and an affidavit of indigency containing a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, as required by R.C. 2969.25(C).

{¶5} Because Relator did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Relator.

{¶6} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

Case No. 21 CO 0022

**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**